AMENDED DECISION
This matter was heard by the court sitting with a jury in January of 1996. The defendant, Employers Mutual Insurance Company (Employers), subsequently moved for judgment as a matter of law and, in the alternative for a new trial; defendant Universal Underwriters Insurance Company (Universal) moved for judgment and, in the alternative, a new trial; and defendant Chrysler Insurance Company (Chrysler) renewed its motion for directed verdict, upon which the Court has reserved judgment.
Facts
The facts of this case, as developed at trial, are as follows. On December 27, 1989, plaintiff Charles Pinto (Pinto), a general sales manager at Menard Suzuki (Menard), "armed," or borrowed, a Jeep Cherokee from Robert's Auto Sales (Robert's) to show a prospective customer. Pinto "armed" the vehicle with the permission of Menard. According to the testimony of Robert Derita (Derita), owner of Robert's, he gave Pinto permission to "arm" the Jeep only for test drives. Derita testified that Pinto had no authority to drive the Jeep for personal reasons.
Because the prospective customer wanted to test drive the Jeep a second time after normal business hours, Pinto agreed to show him the Jeep after work at Lou's Cafe, located in Manville, Rhode Island, on January 3, 1990. Pinto did not request permission from Derita for this second test drive, and Derita testified that he requested the return of the license plates prior to this second test drive. After the test drive, Pinto received a deposit from the customer to purchase the Jeep, and they discussed financing. Pinto then drove plaintiff Bruce Sullivan (Sullivan) home Plaintiff Joseph Bogan (Bogan) rode as a passenger. Sullivan, a co-employee at Suzuki, was intoxicated. According to the testimony of Sullivan and Pinto, unwritten Menard company policy provided that employees were to take home intoxicated employees or to call a cab for them.
On the drive home, Pinto collided with a telephone pole to avoid a miss-and-run driver approaching on the wrong side of the road. The accident occurred in Cumberland, Rhode Island. As a result of the collision, plaintiffs suffered varying degrees of injuries. Plaintiffs made a claim against Employers, which issued a personal auto liability policy to Pinto, and also against Chrysler Insurance Company (Chrysler), the carrier for Robert's, and Universal, the carrier for Menard. When the insurers denied the claims, plaintiffs filed a declaratory judgment action to determine a declaration of rights under the insurance policies pursuant to G.L. 1956 (1985 Reenactment) § 9-30-1, et seq. This action was consolidated with a declaratory judgment action brought by Chrysler
After a three-day trial, the jury answered the following special interrogatories as follows:
 "(1) Did an unidentified motor vehicle cause, in whole or in part, the accident of 1/3/90? Yes
 (2) Relative to Menard Suzuki, at the time of the accident, did Pinto have a reasonable belief that he was entitled to be using the Jeep Cherokee? Yes
 (3) Relative to Robert's Auto Sales, at the time of the accident, did Pinto have a reasonable belief that he was entitled to be using the Jeep Cherokee? No"
Employers' Motion for Judgment as a Matter of Law
Employers, the insurer for Pinto's personal auto liability policy, number 039-23-76, issued from December 20, 1989 to June 20, 1990, claims it is entitled to judgment as a matter of law pursuant to Super. R. Civ. P. 50 because coverage is precluded. In ruling on a motion for judgment as a matter of law, the court applies the same standard as ruling on a motion for directed verdict. The trial justice must consider the evidence in the light most favorable to the party against whom the motion is made without weighing the evidence or considering the credibility of the witnesses, and must extract from the record only those reasonable inferences that support the position of the party opposing the motion. AAA Pool Service Supply, Inc. v. AetnaCas. and Surety Co., 479 A.2d 112, 115 (R.I. 1984)
The evidence before this Court consists of the insurance policy and testimony regarding the arming of the Jeep. The Employers policy lists Pinto and his wife as the insureds. According to the Uninsured Motorists Coverage in part C, Employers agrees to "pay compensatory damages which an `insured' is legally entitled to recover from the owner or operator of an `uninsured motor vehicle' because of `bodily injury'";
 "1. Sustained by an `insured,' and
 2. Caused by an accident"
 The policy defines "insured" as;
 "1. You or any `family member'
 2. Any other person `occupying' `your covered auto'
 3. Any person for damages that person is entitled to recover because of `bodily injury' to which this coverage applies sustained by a person described in 1. or 2. above."
The policy excludes "coverage for `bodily injury' sustained by any person: . . . .4. Using a vehicle without a reasonable belief that that person is entitled to do so".
Based on these policy provisions, Employers argues, and this Court agrees, that plaintiffs Sullivan and Bogan were not "insureds" because they were not listed as insureds, were not family members, and were not occupying a "covered auto." Thus, under the terms of the policy, Employers owes no coverage to plaintiffs Sullivan or Bogan.
Employers also argues that Pinto is excluded from coverage under the reasonable belief exclusion found in the policy. In determining whether the exclusion controls, this Court notes that our Supreme Court has not interpreted such exclusionary language; therefore, this Court relies on similar cases in other jurisdictions.
As an initial matter, however, it must be determined whether the exclusion is ambiguous. Considering the insurance policy in its entirety and giving the language of the exclusion its "plain, ordinary and usual meaning," this Court finds an ambiguity does not exist Amica Mutual Insurance Co v. Streiker, 583 A.2d 550, 552 (R.I. 1990) This Court agrees with jurisdictions that hold the exclusion clearly provides that coverage is excluded if the driver: "(a) knew he was not entitled to drive the vehicle, or (b) if he claimed he believed he was entitled to drive the vehicle, but was without reasonable grounds for such belief"General Accident Fire Life Assurance Corp., Ltd. v. Perry,541 A.2d 1340, 1349 (Md. App. 1988).
In the present case, Pinto armed the vehicle from Robert's. Derita, the owner of Robert's, gave Pinto permission to drive the Jeep for the sole purpose of showing it to a prospective customer. Derita testified that he requested the return of the plates before the second test drive, did not specifically give Pinto permission to show the vehicle from Lou's Cafe, and did not give Pinto permission to drive the vehicle for personal business. The jury found that with respect to Robert's, Pinto did not have a reasonable belief he was entitled to use the Jeep. Consequently, Employers argues Pinto lacked a reasonable belief of entitlement. Pinto argues, however, that he had a reasonable belief he was entitled to drive the vehicle because he had "armed" the vehicle with Menard's permission, had Robert's permission to show the vehicle to the prospective customer, and Menard policy required employees to use company-owned vehicles to drive home intoxicated co-employees.
In applying the two-part test to determine whether Pinto reasonably believed he was entitled to drive the Jeep, this Court views all the evidence in a light most favorable to Employers. The evidence supports the requirement of the first part of the test that Pinto did not know he was not entitled to drive the vehicle. Derita gave him permission to show the vehicle to a prospective customer of Menard's, which would profit from the sale. The customer agreed to buy the vehicle and placed a deposit on it after the second test drive. Even though Derita did not give Pinto permission to use the vehicle for personal purposes, Pinto drove Sullivan home in compliance with Menard's unwritten policy concerning intoxicated employees. Thus, the first test is met; in light of the entire circumstances, Pinto did not know he was not entitled to drive the vehicle. Second, Pinto testified he believed he was entitled to drive the Jeep, and his belief was reasonable. Even though he did not have Derita's permission to drive the vehicle for personal reasons, he armed the vehicle with Menard's permission and for its profit. Moreover, he reasonably believed he should follow Menard's policy to drive home an intoxicated Menard co-employee. Since Pinto had a reasonable belief of entitlement, the exclusion does not apply
Accordingly, Employers is entitled to judgment as a matter of law against plaintiffs Sullivan and Bogan because coverage is precluded; however, judgment must enter in favor of Pinto for coverage under Employers' uninsured motorists provision for Pinto's injuries. As to Employers' Motion for a New Trial, the state of the law and evidence is such that the grounds for such motion are not compelling, and Employers' Motion is denied.
Universal's Motion for Judgment and New Trial
Universal, the carrier for Menard Suzuki, likewise claims that no coverage exists as a matter of law Universal's Policy, number 0571080, issued March 1, 1989 to March 1, 1990, covered employees of Menard. Two provisions are pertinent to Universal's contention that it owes no coverage The first provision concerns uninsured motorists. Endorsement number 45 provides that Universal "will pay all sums the insured is legally entitled to recover as damages from the owner or driver of an uninsured motor vehicle. The damages must result from bodily injury sustained by the insured caused by an accident. The owner's or driver's liability for the damages must result from the ownership, maintenance or use of the uninsured motor vehicle".
 The endorsement defines "who is an insured" as
 "(1) any person shown in the declarations as covered by this endorsement and any family member;
 (2) anyone else occupying a covered auto;
 (3) anyone for damages they are entitled to recover because of bodily injury sustained by another insured"
"Covered auto" is defined as "any land motor vehicle, trailer or semi-trailer designed for travel on public roads which is insured by the Coverage Part to which this endorsement applies. Covered auto does not include mobile equipment." The table of contents lists the uninsured motorists endorsements applicable to garage coverage part 500 and to basic auto coverage part 900. Because basic auto coverage applies only to "owned autos" ("an auto you own or lease"), and Menard did not own or lease the Jeep, the basic auto coverage does not apply. Thus, the coverage under garage part 500 applies. This part covers, among other matters, "any auto you own or which is in your care, custody or control" and used "principally in garage operations." The uninsured motorists endorsement excludes "(d) anyone using a vehicle without a reasonable belief that the person is entitled to do so."
In its motion for entry of judgment or, in the alternative, new trial, Universal claims that the reasonable belief provision excludes coverage Universal argues that because the jury found that Pinto did not have a reasonable belief he was entitled to use the Jeep with respect to Robert's, the owner, all plaintiffs are excluded from coverage under the policy. Universal contends that the jury finding that Pinto did have a reasonable belief of entitlement from Menard does not preclude application of the reasonable belief exclusion because only the true owner can give entitlement.
This Court rejects Universal's argument. Based on the above holding regarding the same exclusion in the Employers policy, this Court holds that Universal owes coverage to all three plaintiffs under its uninsured motorists provisions. Furthermore, this Court rejects Universal's argument that coverage determination is precluded by the finding of the Workers' Compensation Court that Pinto was not in the course of his employment at the time of the accident. Universal argues that since evidence of Menard's unofficial policy could have been introduced in the Workers' Compensation Court proceeding, collateral estoppel or res judicata bars the present proceeding. However, because the two actions lack identity of issues, Universal's argument fails. See E.W. Audet Sons v. Firemen'sFund Ins., 635 A.2d 1181, 1186 (R.I. 1994).
Having determined coverage exists under Universal's uninsured motorists provisions, this Court need not address coverage under part 500 concerning injuries arising out of garage operations or auto hazard. This Court denies Universal's motions and holds that coverage exists under the uninsured motorists provisions of the policy for all three plaintiffs.
Chrysler's Motion for Directed Verdict
Chrysler, the carrier for Robert's, also claims that uninsured motorists coverage is precluded under its policy exclusion. The policy, number 001212, issued April 1, 1989 to April 1, 1990, provides uninsured motorists coverage for the following insureds:
 "1. You.
 2. If you are an individual, any `family member.'
 3. Anyone else `occupying' a covered `auto' or a temporary substitute for a covered `auto.' The covered `auto' must be out of service because of its breakdown, repair, servicing, loss or destruction.
 4. Anyone for damages he or she is entitled to recover because of `bodily injury' sustained by another `insured'".
The policy excludes coverage for "Anyone using a vehicle without a reasonable belief that the person is entitled to do so." According to the policy, uninsured motorists coverage is provided for "owned autos only"; "Only those `autos' you own . . . This includes those `autos' you acquire ownership of after the policy begins." Chrysler does not claim the Jeep is not a covered auto under this section of the policy Chrysler does argue, however, that because the jury found that Pinto did not have a reasonable belief that he was entitled to be using the Jeep relative to Robert's, uninsured motorists coverage is precluded under the exclusion requiring reasonable belief of entitlement.
This Court rejects Chrysler's argument based on the above reasoning and holdings regarding the same exclusion in the Employers and Universal policies. Consequently, this Court denies Chrysler's motion and holds that coverage exists under the uninsured motorists provisions for all three plaintiffs.
Conclusion
For the above reasons, the Court denies in part and grants in part Employers' motion for judgment. Employers is entitled to judgment as a matter of law against plaintiffs Sullivan and Bogan; and judgment must enter in favor of plaintiff Pinto for coverage under the policy Employers' Motion for New Trial is denied. This Court also denies Universal's motions for judgment or new trial, holding that judgment must enter in favor of all three plaintiffs for coverage under the uninsured motorist's provisions of the policy. Finally, this Court denies Chrysler's motion, holding that judgment must enter in favor of all three plaintiffs for coverage under the uninsured motorists provisions of the policy.
Counsel shall submit the appropriate order for entry